IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL E. ZELL,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.

No. CIV S-00-0125 DFL GGH PS

ORDER

        Pending before this court is plaintiff's "letter motion," filed October 21, 2005, requesting disability benefits, and defendant's November 18, 2005 motion to strike that "letter motion" for lack of jurisdiction. Plaintiff has not filed a response to defendant's motion.

        This case was remanded to the Commissioner and judgment entered for plaintiff by order filed April 9, 2002. Plaintiff now seeks to reinstate his benefits.

        The findings and recommendations, issued February 27, 2002, which were adopted in full by the district court, recommended remand for further proceedings, but did not specifically state that it recommended judgment pursuant to 42 U.S.C. § 405(g), sentence four. See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157 (1991). The opinion did, however, give instructions for remand which appropriately fall under sentence four. Specifically, the court instructed:

1

The Commissioner should make a decision on plaintiff's request to reopen his 1978 cessation of benefits. Even if that decision is made adverse to plaintiff, the Commissioner should review the current disability application (December 12, 1994) after consulting an appropriate specialist(s) who may be able to opine on plaintiff's mental condition during the pertinent time period. Plaintiff should not be precluded by the Findings from producing any further medical evidence that he is able to produce.

Sentence four of 42 U.S.C. § 405(g), has been unequivocally interpreted by the Supreme Court to constitute a final, appealable judgment. Melkonyan v. Sullivan, 501 U.S. 89, 101-102, 111 S. Ct. 2157, 2165 (1991); see also Shalala v. Schaefer, 509 U.S. 292, 296-302, 113 S. Ct. 2625, 2629-32 (1993). As such, this court has no jurisdiction to reopen that judgment.

Plaintiff in essence is seeking to file a new complaint. Therefore, the court will construe his filing of October 21, 2005 as a complaint. The Commissioner represents that it issued a final decision on October 6, 2005. Therefore, plaintiff had sixty days after that decision to file a new civil action, unless equitable tolling applies. 42 U.S.C. § 405(g); Johnson v. Shalala, 2 F.3d 918, 923 (9th Cir 1993) (noting sixty day statute of limitations period provided by Congress in 42 U.S.C. § 405(g) is not jurisdictional).

Because plaintiff's complaint cannot be filed in this action, the Clerk will be directed to open a new action which will be deemed opened on the date of his October 21, 2005 filing.

Accordingly, IT IS ORDERED that:

1. Defendant's motion to strike, filed November 21, 2005, is granted.

2. Plaintiff's "letter motion," filed October 21, 2005, is construed as a complaint. The Clerk of the Court is directed to open a new action and enter this filing which will be deemed filed on October 21, 2005.

DATED: 2/1/06                                    /s/ Gregory G. Hollows

                                                 ──────────────────────────
                                                 GREGORY G. HOLLOWS
                                                 U.S. MAGISTRATE JUDGE

GGH/076 - Zell0125.mtn.wpd